

LS

FILED

MAR 0 8 2010

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

## In The United States District Court
### For the Eastern District Of Pennsylvania

| | | |
|---|---|---|
| George Patterson | : | Civil Action |
| Plaintiff, | : | |
| | : | No. 10 ▓ 996 |
| v. | : | |
| | : | Jury Trial Demanded |
| Bernard Avernebe d/b/a | : | |
| Freedom Used Cars | : | |
| Defendant. | : | |

## Verified Complaint

George Patterson, Plaintiff, is an African American male residing in Lancaster, Pennsylvania. He is a free citizen seeking the benefits of the same; he brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1981 of the Civil Rights Act of 1866. Plaintiff Patterson also brings a claim arising under the Pennsylvania Human Relations Act (the "PHRA")[1] for discrimination based on race and access to public accommodation, services and to enter into contract for products and services.

## I.    INTRODUCTION

George Patterson is a dark-skinned African American man who enjoys cars. He wanted to purchase a high quality luxury car for his future wife. After searching through newspapers and auto advertisements, he found a make and model car that he thought would make the perfect gift for her. He called the dealer and made arrangement to come to the car with his future father-in-law. Upon arriving, Bernard Avernebe refused to sell George Patterson the car, claiming it was sold. Later that same evening one of Mr. Patterson's friends called and asked about the

[1] 43 P.S. § 951 *et seq.*

Patterson v. Bernard Avernebe d/b/a Freedom Used Cars                    Page 1 of 26

availability of the car. Mr. Avernebe told this individual that the car was available and for sale.
Mr. Avernebe refused to sell Mr. Patterson the BMW because he is an African American.

## II.    JURISDICTION

1.  The jurisdiction of this Court over Count I of this controversy is based upon federal question
    jurisdiction pursuant to 28 U.S.C. § 1331 in that this district court has original jurisdiction of
    all civil actions arising under the laws of the United States. The federal law to be enforced in
    Count I is 42 U.S.C. §1981, the Civil Rights Act of 1866 and 1991.

2.  The jurisdiction of this Court over Count II of this controversy is based upon supplemental
    jurisdiction pursuant to 28 U.S.C. § 1367(a). Plaintiff's claim under Count II is to be
    enforced under the PHRA, 43 Pa. C.S.A. §951 *et seq.* The laws of the Commonwealth of
    Pennsylvania apply to Count II.

## III.    VENUE

3.  Venue is appropriate in this district pursuant to §28 U.S.C. § 1391(b) in that Defendant
    resides in this judicial district and a substantial part of the events or omissions giving rise to
    the claim occurred in this judicial district.

## IV.    PARTIES

4.  Plaintiff, George Patterson herein known as "Plaintiff Patterson" or "Plaintiff."

5.  Defendant, Bernard Avernebe d/b/a Freedom Used Cars herein known as "Defendant
    Avernebe" or "Defendant."

## V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES FOR THE PHRA CLAIM

6.  Plaintiff Patterson exhausted applicable administrative remedies.

7.  Plaintiff Patterson filed a Complaint with the Pennsylvania Human Relations Commission in
    a timely manner, Case No. 200804132.

Patterson v. Bernard Avernebe d/b/a Freedom Used Cars

8.   The Pennsylvania Human Relations Commission issued a right to sue letter on February 19, 2010.  (See attached copy of the PHRC Letter, incorporated herein as Exhibit C.)

## VI.   FACTUAL ALLEGATIONS

9.   Plaintiff Patterson is a young African American male. See Exhibit D ¶5 and Exhibit E ¶6.

10.  On or about January 22, 2009, Plaintiff Patterson was searching through newspaper flyers and advertisements for a high quality luxury car.

11.  Plaintiff Patterson  read the January 21-February 3, 2009 *Auto Exchange*, which is published every other week in Lancaster, Lebanon, Dauphin, Cumberland, Chester & York Counties. (See attached copy of advertisement, incorporated herein as Exhibit A.)

12.  On page 39 of the *Auto Exchange*, Plaintiff noticed a 2002 BMW 745Ii advertised for $16,950.  (See attached copy of advertisement, incorporated herein as Exhibit A.)

13.  Plaintiff Patterson was at the home of his then future father-in-law, Benjamin Burgos, who resides in Lancaster, Pennsylvania. (See attached copy of the Sworn Statement and Affidavit of Benjamin Burgos, incorporated herein as Exhibit D.)

14.  Plaintiff Patterson used Mr. Burgos' home telephone to call the Freedom Used Car dealership located in East Petersburg, Pennsylvania. See Exhibit D ¶7.

15.  Freedom Used Cars is owned and operated by Defendant Avernebe.

16.  There were two phone numbers listed on the advertisement, a business number, (717-581-0575) and a cell phone number (717-203-7523).  See Exhibit A.

17.  Plaintiff Patterson called the Defendant Avernebe and asked about the availability of a 2002 745 BMW advertised in the *Auto Exchange*. See Exhibit A& D ¶8.

18.  The Defendant Avernebe informed Plaintiff Patterson that the car was available.

19. Plaintiff Patterson asked his then future father-in-law, Benjamin Burgos, to accompany him to Defendant Avernebe's place of business. See Exhibit D ¶9.

20. Plaintiff Patterson and Mr. Burgos left shortly after hanging up with Defendant Avernebe. See Exhibit D ¶10.

21. Both Plaintiff Patterson and Mr. Burgos drove to Defendant Avernebe's place of business, 5309 Main Street, East Petersburg, Pennsylvania. The drive took approximately ten minutes. See Exhibit D ¶11.

22. When Plaintiff Patterson and Mr. Burgos arrived at Defendant Avernebe's place of business, they exited their car and walked to the dealership to look at the BMW advertised in the *Auto Exchange*. (See attached copy of advertisement, incorporated herein as Exhibit A.)

23. On information and belief, when Defendant Avernebe saw that the men who entered into his place of business were men of color, Defendant Avernebe intentionally decided not to sell the BMW or any other car in his lot to Plaintiff Patterson.

24. The men waited for several minutes until someone walked out to greet them. See Exhibit D ¶13.

25. The Defendant Avernebe walked towards them and looked at Plaintiff Patterson in a rude and unprofessional manner.

26. Defendant Avernebe never greeted the Plaintiff or Mr. Burgos.

27. Defendant Avernebe never extended his hand to shake Plaintiff Patterson's hand.

28. Defendant Avernebe continued to talk on his cell phone while outside with the men. Defendant Avernebe never offered to show the Plaintiff any other cars.

Patterson v. Bernard Avernebe d/b/a Freedom Used Cars

29. Defendant Avernebe never took Plaintiff Patterson's contact information.

30. Plaintiff Patterson asked Defendant Avernebe if they could take the car for a test run. See Exhibit D ¶15.

31. Defendant Avernebe said he already sold the car. See Exhibit D ¶16.

32. Plaintiff Patterson responded that he had just called less than twenty minutes ago and the car was still for sale at that time. See Exhibit D ¶17.

33. Defendant said that someone else was coming to get the car now. See Exhibit D ¶18.

34. Plaintiff Patterson informed Defendant Avernebe that he was prepared to purchase the car and he was ready to pay for the car immediately.

35. Plaintiff Patterson reminded Defendant Avernebe that Plaintiff Patterson had called and inquired about the car first. See Exhibit D ¶20.

36. Defendant Avernebe said he knew the people who were coming to get the car and they had the money to purchase the car and he turned and walked away. See Exhibit D ¶21.

37. Mr. Burgos told Plaintiff Patterson, "This guy is a racist!" See Exhibit D ¶22.

38. The Defendant Avernebe did not respond. See Exhibit D ¶23.

39. Plaintiff Patterson and Mr. Burgos left the business. See Exhibit D ¶25.

40. Plaintiff Patterson was upset by the incident and he did not believe Defendant Avernebe's statement that the car was sold. See Exhibit D ¶27.

41. Plaintiff Patterson called his friend, Jim Bachman, and told him about the incident. See Exhibit D ¶29 and Exhibit E ¶7-10.

42. Plaintiff Patterson asked Mr. Bachman to call the dealer and ask about the car. See Exhibit D ¶30 and Exhibit E ¶11.

43. Mr. Bachman is a white male. See Exhibit E ¶4.

44. Within minutes of Plaintiff Patterson's call to Mr. Bachman, Mr. Bachman called the car lot and asked whether the car was still available. See Exhibit E ¶14.

45. Defendant Avernebe answered the phone and after Mr. Bachman inquired about the car, the Defendant Avernebe informed Mr. Bachman that the car was still available for sale. See Exhibit E ¶15.

46. Defendant Avernebe invited Mr. Bachman to look at the car the next day and he never mentioned that another person was purchasing the car or had purchased the car. See Exhibit E ¶27.

47. On January 23, 2009, Mr. Bachman travelled with Plaintiff to Defendant Avernebe's place of business in East Petersburg, Pennsylvania. See Exhibit E ¶28.

48. Plaintiff Patterson stayed in the car while Mr. Bachman walked over to look at the same car Plaintiff had asked about the night before, the 2002 745 BMW. See Exhibit E ¶29.

49. The Defendant Avernebe approached Mr. Bachman and they spoke about the car. See Exhibit E ¶31.

50. The Defendant Avernebe never told Mr. Bachman that someone else wanted the car or that someone was coming to pay for the car. See Exhibit E ¶33.

51. In 2008, Plaintiff Patterson called the Defendant Avernebe and asked about the cost of a jeep that was advertised in the *Auto Exchange*. See Exhibit A & D ¶33

52. Over the phone, the Defendant Avernebe informed Plaintiff that the jeep was for sale for $8,000. See Exhibit D ¶34.

53. When Plaintiff arrived at the dealership, and tried to purchase the jeep, the Defendant Avernebe, told the Plaintiff that the price for the jeep was $12,000. See Exhibit D ¶35.

54. Plaintiff Patterson objected and told the Defendant Avernebe that the price over the phone was $8,000. See Exhibit D ¶36.

55. The Defendant Avernebe refused to sell the car for the price previously quoted. See Exhibit D ¶37.

56. Plaintiff Patterson believes Defendant Avernebe is engaging is discriminatory practices, which are proscribed by the Pennsylvania Human Relations Act.

57. Plaintiff Patterson searched for similar cars on the Internet and discovered that other similar BMW models cost two to four thousand dollars more than Defendant Avernebe's asking price. (See attached copy of Kelly Blue Book Posting, incorporated herein as Exhibit B.)

VII.  FEDERAL CIVIL RIGHTS STATUTE SUPPORTING PLAINTIFF'S FIRST CAUSE OF ACTION
§ 1981. Equal rights under the law

(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

## VIII. FIRST CAUSE OF ACTION – VIOLATION OF THE CIVIL RIGHTS ACT OF 1866

58. Plaintiff Patterson incorporates by reference the above paragraphs.

59. Plaintiff Patterson is a member of a racial minority.

60. Plaintiff Patterson was prepared to purchase a car that was listed for sale by Defendant Avernebe.

61. Upon seeing that Plaintiff Patterson was an African American man, Defendant Avernebe refused to sell a car on his lot to Plaintiff Patterson.

62. Defendant Avernebe prevented Plaintiff Patterson from shopping on his lot by intentionally discriminated against Plaintiff Patterson on the basis of his race.

63. Purchasing goods is a protected activity under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests relief from this Honorable Court as set forth in Plaintiff's prayer for relief.

**IX.** **PENNSYLVANIA STATUTE SUPPORTING PLAINTIFF'S SECOND CAUSE OF ACTION**

43 P.S. § 955.  Unlawful Discriminatory Practices

It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or in the case of a fraternal corporation or association, unless based upon membership in such association or corporation, or except where based upon applicable security regulations established by the United States or the Commonwealth of Pennsylvania:

(h) For any person to:

(1) Refuse to sell, lease, finance or otherwise to deny or withhold any housing accommodation or commercial property from any person because of the race, color, familial status, age, religious creed, ancestry, sex, national origin or handicap or disability of any person, prospective owner, occupant or user of such housing accommodation or commercial property, or to refuse to lease any housing accommodation or commercial property to any person due to use of a guide animal because of the blindness or deafness of the user, use of a support animal because of a physical handicap of the user or because the user is a handler or trainer of support or guide animals or because of the handicap or disability of an individual with whom the person is known to have a relationship or association.

**X.** **SECOND CAUSE OF ACTION – PENDANT STATE CLAIM - VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

64.  Plaintiff Patterson incorporates by reference the above paragraphs.

65.  Plaintiff Patterson is a member of a racial minority.

66.  Defendant Avernebe refused to sell a car on his lot to Plaintiff Patterson.

67.  Defendant Avernebe discriminated against Plaintiff Patterson on the basis of his race.

68.  Refusing to sell property because of the person's race is an unlawful discriminatory practice under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff respectfully requests relief from this Honorable Court as set forth in the Plaintiff's prayer for relief.

**XI.** **PLAINTIFF'S PRAYER FOR RELIEF**

Wherefore, Plaintiff Patterson prays that this Court grant him the following relief:

a. Enter a declaratory judgment finding that the foregoing actions of the Defendant violate 42 U.S.C. § 1981;

b. An order enjoining the Defendant from engaging in discriminatory practices;

c. Make Plaintiff whole, including but not limited to granting the benefit of the bargain sought;

d. Payment of Plaintiff's reasonable out of pocket expenses caused by the discriminatory practice;

e. Payment of Plaintiff's actual damages, including damages caused by humiliation and embarrassment;

f. Payment of Plaintiff's reasonable costs and attorney fees for prosecuting this complaint.

g. Grant a trial by jury on all appropriate matters;

h. Inform the appropriate Commonwealth licensing authority of Defendant Avernebe's discriminatory practices to take appropriate action against the Defendant as a licensee;

i. To provide such further relief as the Court deems necessary and appropriate.

Respectfully submitted,

℘ TRIQUETRA LAW®

DATED: March 5, 2010

Sharon R. López
Attorney for Plaintiff George Patterson
35 East Orange Street, Suite 301
Lancaster, PA 17602
(717) 299-6300 (Telephone)
(717) 299-6300 (Fax)
Lopez@TriquetraLaw.com
PA ID 70605

## VERIFIED COMPLAINT

I, George Patterson, a citizen of the United States and resident of Lancaster County,

Pennsylvania, hereby declare that I have read the foregoing Verified Complaint and the factual

allegations therein, and the facts as alleged are true and correct.


Date: March 4, 2010


George Patterson


Sworn to and subscribed before me this the ___4___ day of March, 2010.

**NOTARY PUBLIC**
My commission expires:    Oct 20, 2013


_____


NOTARIAL SEAL
LUIS F BENITES
Notary Public
LANCASTER CITY, LANCASTER COUNTY
My Commission Expires Oct 20, 2013