**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| George Patterson,<br>　　　　Plaintiff<br><br>　　v.<br>Bernard Avernebe d/b/a Freedom Used Cars<br>　　　　Defendants. | Case No. 10-cv-996<br>(Hon. Judge Lawrence Stengel) |

**PLAINTIFF'S FIRST MOTION & BRIEF**
**IN SUPPORT OF PLAINTIFF'S**
**FIRST MOTION TO AMEND HIS COMPLAINT**

Plaintiff Patterson, by and through his counsel, **TRIQUETRA LAW,** moves to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2). In support, Plaintiff, through counsel, declares that:

1. Plaintiff seeks to amend his complaint to clarify the name of Defendant Bernard *Averbeke*, who is incorrectly captioned as "Bernard Avernebe."

2. Plaintiff seeks to amend his complaint to clarify a few factual details in the complaint that the parties learned as a result of discovery, including the year that Elvin Burgos and Plaintiff Patterson alleged Defendant intentionally raised the price of a vehicle he had for sale on his lot after the Plaintiff arrived and tried to buy the vehicle. See Paragraph 71.

3. Plaintiff also incorrectly cited the Pennsylvania Human Relations Act provision that applies to this case and the Amended Complaint correctly sets for the applicable provision in the proposed Amended Complaint. Instead of citing 42 Pa.C.S.A. 955 (h), Plaintiff seeks to amend the complaint to cite 42 Pa.C.S.A. 955 (i).

4. Plaintiff sought Defendant's concurrence on this motion, but Defendant only concurs in replacing of Defendant's name from "Avernebe" to "Averbeke."

5. The Defendant is not prejudiced by this motion or the amended complaint as all the factual allegations are consistent with discovery and the statutory provisions set forth in the Amended Complaint are the provisions examined during discovery by both parties.

6. No new causes of action are alleged.

7. Granting leave to amend the Complaint will not require any change in trial schedule or court deadlines.

8. Under Federal Rule of Civil Procedure 15(a)(2), leave shall be freely given for a party to amend its pleading when justice so requires.

9. Rule 15(a)(2) places the burden to make such a showing on the party opposing the amendment. *Kiser v. General Electric Corp.,* 831 F.2d 423, 428 (3d Cir. 1987).

10. Plaintiff attaches the proposed Amended Complaint as Exhibit A.

Respectfully submitted:

**TRIQUETRA LAW ®**

Dated: December 29, 2010

_____
Sharon R. López
Attorney for Plaintiff Deborah Bower
35 East Orange Street, Suite 301
Lancaster, PA  17602
(717)  299-6300 (Telephone)
(717)  299-6300 (Fax)
Lopez@TriquetraLaw.com
PA ID 70605