IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE PATTERSON,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 10-996 |
| | : | |
| **BERNARD AVERBEKE** | : | |
| d/b/a Freedom Used Cars, | : | |
| Defendant | : | |

M E M O R A N D U M

**STENGEL, J.**　　　　　　　　　　　　　　　　　　　　　　　December 19, 2013

George Patterson brought a claim against Bernard Averbeke under 42 U.S.C. § 1981,[1] alleging that Mr. Averbeke had deprived Mr. Patterson of his right to inspect, test drive, and purchase a vehicle for sale at Mr. Averbeke's place of public accommodation, and that the deprivation was based upon Mr. Patterson's race. When discovery ended, both parties filed cross-motions for summary judgment which I denied. See Patterson v. Averbeke, 2011 U.S. Dist. LEXIS 100626 (E.D. Pa. September 6, 2011). The defendant then made an offer of settlement which was rejected. I referred the matter to the arbitration program in this District which resulted in a decision for the defendant. Shortly thereafter, the plaintiff made a demand for trial *de novo*. Following a jury trial in May 2013, judgment was entered in favor of the defendant and against the plaintiff in

---

[1] Title 42 of the United States Code, Section 1981, prohibits racial discrimination in, *inter alia*, the making and enforcement of contracts and property transactions. It provides: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other. 42 U.S.C. § 1981(a).

accordance with the jury verdict.  The defendant then filed a motion for attorney's fees as the prevailing party.  In addition to filing a response to the motion, the plaintiff also filed a motion for sanctions under Rule 11(c)(2)[2] of the Federal Rules of Civil Procedure, alleging that the defendant's motion for attorney's fees was filled with frivolous arguments and "appears only to be presented for the improper purpose of needlessly increasing the cost of this litigation and harassment."  For the following reasons, I will deny both motions in their entirety.

## I.  MOTION FOR ATTORNEY'S FEES

Under what is known as the American Rule, a prevailing litigant is not entitled to collect attorney's fees from the losing party.  See Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co., 549 U.S. 443, 448 (2007).  However, 42 U.S.C. § 1988(b) creates an exception to this rule for litigants who prevail under certain civil rights statutes.  The statute provides, in relevant part: "In any action or proceeding to enforce a provision of Sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this Title, . . .the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988(b).  "The 'prevailing party' can be either the plaintiff or the defendant but the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs."  Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir.

---

[2]  Rule 11(c)(2) provides that a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  It allows for a twenty-one day period after service to the non-movant for the parties to resolve the situation before the motion is presented to the court for disposition.

2001). In fact, "a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation . . . .'" Id. at 158 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)); see also EEOC v. L.B. Foster Co., 123 F.3d 746, 750 (3d Cir. 1997) ("'[F]rivolous, unreasonable, or without foundation,' in this context, implies 'groundless . . . rather than simply that the plaintiff has ultimately lost his case.'" (quoting Christiansburg Garment Co., 434 U.S. at 421)). Importantly, "it is not necessary that the prevailing defendant establish the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. Rather the relevant standard is objective." Barnes Found., 242 F.3d at 158.

The Supreme Court of the United States has cautioned that a district court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co., 434 U.S. at 421-422. The Court further observed that:

> "this kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Id. at 422.

In determining whether an award of attorney's fees is warranted, the Third Circuit has considered such factors as whether the plaintiff established a *prima facie* case; whether the defendant offered to settle; whether the trial court dismissed the case prior to trial; whether the question was one of first impression; and whether the plaintiff risked a "real threat of injury." Barnes Found., 242 F.3d at 158 (citing L.B. Foster, 123 F.3d at 751). These factors "are merely guidelines, not strict rules; thus 'determinations regarding frivolity are to be made on a case-by-case basis." Id. (quoting Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1983)).

Here, the defendant argues that it was abundantly clear from the beginning of this litigation that the plaintiff did not have a viable case for race-based discrimination, yet continued to pursue the claim. In fact, the defendant insists that the plaintiff had his day in court with the panel of arbitrators who found for the defendant unanimously within fifteen minutes of deliberation. Therefore, the defendant contends, an award of attorney's fees is warranted to deter future frivolous lawsuits of this nature, to avoid the unnecessary expense to a defendant, and to avoid the time expended by the court, the arbitrators and the jury. I must disagree.

The evidence that Mr. Patterson presented, while inadequate to support a jury verdict in his favor, illustrated that he believed that the defendant had discriminated against him because of his race. It was not unreasonable, though mistaken, for him to believe that a jury would find in his favor. His claims survived summary judgment, and the jury determined that the defendant had, in fact, denied him the opportunity to inspect, test drive, and/or purchase a car at the defendant's car dealership. See Documents #105

4

and #164. Moreover, Mr. Patterson did not misstate the controlling law or advance a theory clearly contrary to the holdings of any court. Nothing in this case would lead me to conclude that the plaintiff advanced his claims for improper motives, or simply to harass the defendant. Instead, this case, like many cases in the judicial system, turned on whether the plaintiff had produced evidence the jury found credible. While he failed, the plaintiff did produce evidence which he reasonably argued demonstrated his claims. He was insulted by the defendant's conduct that night, understandably felt that he was the victim of racial discrimination, and looked to the courts for redress, as is his right. Accordingly, I find that the plaintiff neither advanced claims which were "frivolous, unreasonable, or without foundation," nor advanced them in bad faith or for the purpose of harassment. I will deny the defendant's motion for attorney's fees.

## II. MOTION FOR SANCTIONS

Mr. Patterson filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, claiming that the defendant's motion for attorney's fees was filled with frivolous arguments and filed for the improper purpose of needlessly increasing the cost of this litigation and to harass the plaintiff. Rule 11 provides for the imposition of sanctions upon an attorney or party for the filing of a claim or motion that is "patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988). By presenting to the court a pleading, written motion, or other paper, an attorney certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED.R.CIV.P. 11(b). A court tests conduct under Rule 11 for "reasonableness under the circumstances." Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3d Cir. 1988). This inquiry concerns reasonableness not at the time that a Rule 11 motion is filed, but at the time that the challenged "pleading, motion, or other paper was submitted." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 175 (3d Cir. 1993). If, "under an objective standard, the signer made a reasonable inquiry both as to the fact and the law at the time a document was submitted, subsequent developments showing that the signer's position was incorrect will not subject the signer to Rule 11 sanctions for having submitted the document." Garr v. U.S. Healthcare, Inc., 22 F.3d 1274, 1279 (3d Cir. 1994).

I note that Rule 11 sanctions are generally appropriate only in the "exceptional circumstance" that a claim, motion, or other paper "has absolutely no chance of success,"

although a finding of the signer's bad faith is not required.  <u>Doering</u>, 857 F.2d at 194.  A finding of frivolousness is a prerequisite to any imposition of sanctions.  <u>Id.</u> at 195.

      After a careful review of the defendant's motion for attorney's fees, I cannot conclude that the filing of the motion was unreasonable or frivolous.  Instead, the defendant filed the motion as the prevailing party in accordance with 42 U.S.C. § 1988.  Having been successful at both the arbitration and the jury trial, it was not unreasonable for the defendant to deduce that the plaintiff's claims were frivolous, unreasonable, or without foundation.  Though unsuccessful, the motion for attorney's fees was thorough, well-reasoned, and adequately based in fact.  Further, this was not an "exceptional circumstance" where the defendant's motion for attorney's fees had "absolutely no chance of success."  Accordingly, I cannot conclude that Rule 11 sanctions are appropriate here.  I will deny the plaintiff's motion.

      An appropriate Order follows.